1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD NAPOLEON BROWN,

11          Petitioner,                     No. CIV S-06-1046 MCE EFB P

12      vs.

13   G. J. GIURBINO, Warden,

14          Respondent.                     <u>ORDER</u>

15   _____/

16          Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28

17   U.S.C. § 2254. Petitioner challenges the judgment imposed by a judge of the San Joaquin

18   County Superior Court for his January 20, 1996, conviction of petty theft, for which he was

19   sentenced to a term of 25 years to life in prison. *See* Cal. Pen. Code § 667(d) (West 1988). The

20   only ground for relief he asserts is that his sentence violates the Due Process Clause of the

21   Fourteenth Amendment because a jury did not hear evidence and find beyond a reasonable doubt

22   the facts justifying imposition of a sentence beyond the statutory maximum. *See Apprendi v.*

23   *New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that

24   increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to

25   a jury, and proved beyond a reasonable doubt."); *Blakely v. Washington*, 542 U.S. 296, 301-02,

26   313-14  (2004); ("[T]he relevant 'statutory maximum' is not the maximum sentence a judge may

1

impose after finding additional facts, but the maximum he may impose *without* any additional findings."). Pending before the court is respondent's September 8, 2006, motion to dismiss this action as untimely. For the reasons explained below, this court lacks jurisdiction because the petition is second or successive and petitioner has not obtained permission from the appellate court to proceed with it. Thus, the court denies respondent's motion to dismiss without prejudice and provides the parties an opportunity to explain why this action should not be dismissed as second or successive.

Absent leave from the appellate court, a federal district court cannot entertain a second or successive petition, and it is petitioner's obligation to obtain that permission. 28 U.S.C. § 2244(b)(3)(A). The relevant portion of section 2244 requires the court to dismiss a claim made in a second or successive petition that was not raised in the prior application unless "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). As stated above, the petition in this case challenges the sentence imposed for his January 20, 1996, conviction of petty theft. *See* Cal. Pen. Code § 666 (1988). Petitioner was sentenced to a term of 25 years to life in prison based on California's "three strikes" law. *See* Cal. Pen. Code § 667(d) (West 1988). He asserts that his sentence is unconstitutional because a jury did not hear evidence and make factual findings that justify imposing a sentence beyond the statutory maximum. Petitioner relies on *Blakely v. Washington*, 542 U.S. 296, 301-02, 313-14 (2004), which clarifies the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Based on the lodged documents and the court's examination of its records, the court finds that petitioner challenged the same judgment in *Brown v. Mayle*, No. Civ. S-99-0241 WBS GGH P. Thus, the instant application is petitioner's second challenge to the January 20, 1996, judgment. In his first application petitioner challenged the constitutionality of his sentence, but he did not claim that it violated due process on the ground he now asserts. It is understandable that he had not asserted this claim in the first application. It is based on a new rule of constitutional criminal

procedure announced in 2002 and clarified in 2004, after his conviction was final on direct

appeal. *See United States v. Sanchez-Cervantes*, 282 F.3d 664, 666-67 (9th Cir. 2002) (noting

change in sentencing decisions wrought by *Apprendi*).  However, this court cannot entertain this

ground for relief unless and until the appellate court authorizes it to do so.  28 U.S.C.

§ 2244(b)(3)(A).  Petitioner offers no evidence that the Ninth Circuit Court of Appeals has

granted him leave to file such a petition.  Therefore, absent a showing that either the instant

petition is not second or successive or that petitioner has obtained permission from the appellate

court to proceed on it, this action should be dismissed.

        Accordingly, it is hereby ordered that:

        1.  Respondent's September 8, 2006, motion to dismiss is denied without prejudice; and

        2.  The parties shall, within 20 days from the date of this order, file supplemental briefs

addressing whether this petition is second or successive, and if so, whether petitioner has

obtained an order from the appellate court authorizing this court to entertain the instant petition.

Dated:  July 9, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE